UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 13-39-DLB

VERONICA HAMPTON                                                                                          PLAINTIFF

VS.                                    **MEMORANDUM ORDER**

SAFECO INSURANCE COMPANY OF AMERICA                                           DEFENDANT

****************************

    Plaintiff Veronica Hampton commenced this action in Laurel Circuit Court on November 30, 2012 for breach of contract based on her homeowner's policy issued by Defendant Safeco Insurance Company, and also alleged she was entitled to recover for bad faith insurance practice and unfair claims settlement practice (Doc. # 1-1, at 1-8).  She sought compensatory damages, interest and attorney's fees pursuant to KRS § 304.12-235, and punitive damages.

    The parties thereafter attempted to agree to a stipulation of damages. Unsuccessful, Defendant removed this case from Laurel County Circuit Court on February 21, 2013 (Doc. # 1), and Plaintiff moved to remand shortly thereafter (Doc. # 3).

    Upon completion of the briefing (Docs. # 6, 7), the Court conducted a telephonic hearing in the above-styled action to discuss the matter.  Plaintiff in this action was represented by John F. Kelley, while Defendant was represented by Heather M. McCollum. The proceedings were recorded by Official Court Reporter Lisa Wiesman.

1

Having heard from counsel and reviewed the written submissions, the Court concludes that Plaintiff's Motion to Remand (Doc. # 3) should be **denied**. While it is Defendant's burden to establish subject matter jurisdiction based on diversity of citizenship, there is no dispute that the parties satisfy the diversity requirement of 28 U.S.C. § 1332. More importantly, Defendant has shown by a preponderance of evidence that the $75,000 amount in controversy requirement has been met. *Riley v. Sodexho, Inc.*, No. 07-86-KSF, 2007 WL 2592220 (E.D. Ky. Sept. 5, 2007) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

At the outset, the Court notes that Plaintiff has repeatedly indicated that she is seeking either $66,729.12 under the replacement cost provisions of her homeowner's policy or the difference between her policy limits and the $62,500 paid as the actual cash value of her destroyed home, whichever is less. Plaintiff also requests attorney's fees pursuant to KRS § 304.12-235. The Sixth Circuit has held that reasonable attorney's fees may be included in determining the jurisdictional amount in controversy in diversity cases, assuming those fees are allowed by statute. *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 630 n.5 (6th Cir. 2009) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). Finally, Plaintiff seeks interest pursuant to KRS § 304.12-235. *See Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty . . . can be considered in determining whether the jurisdictional amount is met.") (citations omitted).

While there are currently insufficient facts in the record to decide whether Plaintiff will succeed in collecting these amounts, the potential for more than $60,000 in damages, along with attorney's fees and statutory interest, shows it is more likely than not that there

is $75,000 in controversy. This is especially true considering that Plaintiff also sought punitive damages for Defendant pursuant to KRS § 304.12-230 in her Complaint. *See Brantley v. Safeco Insurance Company of America*, No. 1:11-CV-00054-R, 2011 WL 3360670 (W.D. Ky. Aug. 4, 2011) (holding that the potential for attorney's fees, punitive damages, and $55,400.00 in compensatory damages in an action for breach of insurance contract, bad faith insurance practice and unfair claims settlement practice showed that it was more likely than not that the $75,000 amount in controversy requirement had been met).

Plaintiff's arguments to the contrary are without merit. With respect to attorney's fees, Plaintiff contends that the primary issues presented in this case depend upon an interpretation of the policy provisions and can be resolved by the Court in an expeditious manner upon summary judgment, thereby yielding low fees. Whatever the merits of this assertion, it does not mitigate the other requested amounts.

As to statutory interest, Plaintiff does not necessarily contest that such interest may be included in determining the jurisdictional amount in controversy, but rather contends that it should only be based upon a 4% per annum figure, which she derives by deducting the 8% rate set forth in KRS § 360.010 from the 12% rate set forth in KRS § 304.12-235. In her Complaint, though, Plaintiff does not request interest pursuant to KRS § 360.010–she only enumerates the interest allowed by KRS § 304.12-235. Setting that aside, it is undisputed that Plaintiff is seeking at least interest at the rate of 4%.

Finally, Plaintiff asserts that the only punitive damages she is seeking are the attorney's fees and statutory interest, which the Court construes as an attempt to waive her request for punitive damages pursuant to KRS § 304.12-230. *See Farmland Mut. Ins. Co.*

3

*v. Johnson*, 36 S.W.3d 368 (Ky. 2000) (recognizing that punitive damages can be recovered for violation of KRS § 304.12-230). This quasi-stipulation, however, was not offered until the telephonic hearing, and the Sixth Circuit has held that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. # 3) is **DENIED**.

Pursuant to Rules 16 and 26, Federal Rules of Civil Procedure, **IT IS FURTHER ORDERED** that

(1) Within twenty-one (21) days from the date of service of this Order, the parties, by counsel, shall meet, either in person or by telephone, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f).

(2) Within ten (10) days after the meeting, the parties shall file a joint status report containing:

    (a) the proposed discovery plan;

    (b) the parties' estimate of the time necessary to file pretrial motions;

    (c) the parties' belief as to whether the matter is suitable for some form of alternative dispute resolution such as mediation;

    (d) the parties' estimate as to the probable length of trial;

    (e) whether the parties consent to the presiding magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

  Should the parties find that a joint report is not possible, the parties shall each file individual reports which the Court shall entertain for the purposes of setting out its Scheduling Order.

  This 3rd day of May, 2013.



Signed By:
_David L. Bunning_   DB
United States District Judge

G:\DATA\ORDERS\London\2013\13-39 Memorandum Order.wpd