UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 13-39-DLB-HAI

VERONICA HAMPTON                                                                             PLAINTIFF

vs.                                           **MEMORANDUM ORDER**

SAFECO INSURANCE COMPANY OF AMERICA                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, (Doc. #22), which has been fully briefed (See Docs. # 30, 32).  In its motion, Defendant asserts that the matter is not yet ripe for review, and thus does not form a "case or controversy" such that it is justiciable by a federal court.  This assertion relies entirely on a misunderstanding of the ripeness doctrine.

In the words of the Supreme Court, "[t]he basic rationale of the ripeness doctrine "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."  *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200 (1983) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-149 (1967)).  In *United Steelworkers of Am., Local 2116 v. Cyclops Corp.*, 860 F.2d 189, 194 (6th Cir. 1988), the Sixth Circuit considered what, precisely, counted as an "abstract disagreement."  The defendant in that case had transferred its pension obligations to another company.  *Id.* at 191.  The beneficiaries of the pension argued that the way the transfer took place *might* deprive them in the future of their

1

pension rights. *Id.* The Sixth Circuit upheld the district court's dismissal on ripeness grounds, because no beneficiaries had lost their pension money, and it was not clear that they ever would in the future. *Id.* at 195. The plaintiff had not argued that they were owed money already, *id.* at 191, and even admitted that at the time of the litigation, the funds had been dispersed correctly. *Id.* So their claim was entirely hypothetical–based on what might happen in the future, not on any present legal entitlement to funds.

This case presents the exact opposite situation. In her complaint, Plaintiff asserts that Defendant "owes the difference between the replacement cost as determined by its appraiser and the actual cash value which it tendered." (Doc. #1-1, at 5). This is not an abstract claim for some future benefit. It is an assertion that the Defendant owes the Plaintiff money, and that Defendant owes that money now.

Defendant labors to show that Plaintiff's interpretation of the contract is flawed. Defendant notes, for instance, that Plaintiff appears to agree "that replacement cost is not yet due until replacement is made of the property." (Doc. #22-1, at 3). Defendant further argues that, by the clear terms of the contract, Defendant owes no money until Plaintiff makes repairs, as required by the contract. (Doc. #32, 2-6). Whether Defendant is right regarding these assertions, they go the heart of Plaintiff's claims *on the merits*. There is no dispute that Plaintiff is suing the Defendant for a present injury, nor that Plaintiff claims entitlement to relief now.

In its motion, Defendant thus relied on the wrong provision of the Federal Rules of Civil Procedure. Rule 12(b)(1), which allows motions to dismiss for lack of subject matter jurisdiction, is inappropriate when the Plaintiff claims entitlement to immediate relief, and all other elements of subject matter jurisdiction are present. When, as in this case,

2

defendants instead argue that the plaintiff's claims fail as a matter of law, the appropriate motion is that controlled by Rule 12(b)(6), for failure to state a claim.  A Rule 12(b)(1) motion is not the proper mechanism to make such arguments, and the "court will not, sua sponte, transform a rule 12(b)(1) motion into a rule 12(b)(6) motion." *Wagner v. Ohio Bell Tel. Co.*, 673 F. Supp. 908, 911 (N.D. Ohio 1987).

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #22) is **DENIED.**

This 25th day of October, 2013.



G:\DATA\ORDERS\London\2013\13-39 Order denying 12(b)(1) motion.wpd